UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------x
RICHARD HIGGINS,

                Plaintiff,

              -against-

LONG ISLAND RAILROAD COMPANY and
RALPH MURO,

                Defendants.
----------------------------------------------------------------------x

**MEMORANDUM & ORDER**
06-CV-4350 (NGG) (ETB)

NICHOLAS G. GARAUFIS, United States District Judge.

       Plaintiff Richard Higgins ("Plaintiff" or "Higgins") brings suit against Defendant Long Island Railroad Company ("LIRR") under the Federal Employers's Liability Act ("FELA"), 45 U.S.C. § 51 *et* seq., and against Defendant Ralph Muro ("Muro") under New York negligence law for injuries sustained in an automobile accident at an intersection on a public road. Before the court are Muro's motion for summary judgment, which includes a motion to dismiss LIRR's cross-claim against him, and Plaintiff's cross-motion for summary judgment as to liability against LIRR.

       For the reasons set forth below, Muro's motion for summary judgment is GRANTED, LIRR's cross-claim against Muro is dismissed, and Plaintiff's cross-motion for summary judgment against LIRR is GRANTED.

**I.     BACKGROUND**

       The following facts are undisputed. On February 9, 2006, Plaintiff, an employee of LIRR, was a passenger in a Chevy Blazer owned by LIRR ("LIRR vehicle") and driven by a LIRR employee, Francisco Borrero ("Borrero"), a non-party to this lawsuit. (Muro's Statement of Undisputed Facts (Docket Entry # 17) at 1.) The LIRR vehicle was traveling westbound on

Old Sunrise Highway in Amityville, New York, while Muro was driving southbound on County Line Road, which runs perpendicular to Old Sunrise Highway, in his Chevrolet van ("Muro vehicle"). (Deposition of Ralph Muro ("Muro Dep."), Ex. E[1] at 12.) About one hundred to 200 yards from the intersection of Old Sunrise Highway and County Line Road, Borrero observed that the traffic light in his direction was green. (Deposition of Francis Borrero ("Borrero Dep."), Ex. F at 10-11.) However, when Borrero got to the intersection, "the sun was so bright closer to it, I couldn't see what it was. . . . The sunlight was right in my eyes as we got close to the traffic light. So I couldn't see if it had changed or not." (Id. at 10-12.) When he entered the intersection, Borrero observed a car on the eastbound side of the road that "looked like [it] was waiting to make a turn for us to go through," and, apparently believing on that basis that his light was green, he proceeded through the intersection. (Id. at 13.)

Muro testified that as he approached the intersection of County Line Road and Old Sunrise Highway, "[m]y light was green . . . as long as I could see it. . . . [I]t didn't go from red to green, it was green." (Muro Dep. at 10-11.) Muro was approximately thirty yards from the intersection when he first saw the traffic light, and the light was a "standing green" the entire thirty yards. (Id. at 11.) Muro did not see the LIRR vehicle until "it was coming in front of me" in the intersection immediately before the collision occurred. (Id. at 11-12, 26.) Muro was traveling "[a]bout 30 miles an hour" when he entered the intersection, and he estimated that the LIRR vehicle was traveling forty to fifty miles per hour. (Id. at 14, 26.) Finally, Borrero told Muro after the collision that Borrerro had gone through the red light. (Id. at 29.) Similarly, the

---

[1] All exhibits referenced in this Memorandum and Order are attached to Defendant Muro's Motion for Summary Judgment. (Docket Entry # 17.)

Suffolk Police Field Report, prepared by responding Police Officer Roy Willis, indicated that a "contributing factor" to the accident was that "the traffic control device was disregarded" by the LIRR vehicle. (Deposition of Roy Willis ("Willis Dep."), Ex. G at 23.)

Plaintiff sustained injuries when the vehicles collided in the intersection.

## II. SUMMARY JUDGMENT STANDARD

When deciding a motion for summary judgment, the court must view the evidence in the light most favorable to the non-moving party and must draw all permissible inferences in that party's favor. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). The court will not accept as fact allegations lacking evidentiary support, Fed. R. Civ. P. 56(e), or statements of fact without citations to the record, Local Civil Rule 56.1(e).[2]

Summary judgment is appropriate when "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law," Fed. R. Civ. P. 56(c), *i.e.*, "where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party," Holtz v. Rockefeller & Co., 258 F.3d 62, 69 (2d Cir. 2001). "A fact is 'material' for these purposes if it might affect the outcome of the suit under the governing law. An issue of

---

[2] As Plaintiff points out in his opposition to Muro's motion, Muro's Rule 56.1 motion is deficient in that it does not contain a single citation to admissible evidence. See E.D.N.Y. Local Rule 56.1. Counsel for Muro is advised that in light of such deficiency, the court would be well within its discretion to disregard the factual assertions contained therein. See Giannullo v. City of New York, 322 F.3d 139, 142 (2d Cir. 2003) (unsupported facts in moving party's Local Rule 56.1 statement disregarded); Holtz v. Rockefeller & Co., Inc., 258 F.3d 62, 74 (2d Cir. 2001) (Local Rule 56.1 "does not absolve the party seeking summary judgment of the burden of showing that it is entitled to judgment as a matter of law, and a Local Rule 56.1 statement is not itself a vehicle for making factual assertions that are otherwise unsupported in the record.") The court declines to do so in this case, however, given the straightforward fact pattern presented and given that no material fact is in dispute.

fact is 'genuine' if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id.

The moving party has the burden of establishing the absence of a genuine issue of material fact. Liberty Lobby, 477 U.S. at 256. If the moving party meets its burden, the non-moving party must then "set out specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e)(2).

**III. DISCUSSION**

    A.    Muro's Motion for Summary Judgment

Because FELA by its terms applies only to railroad companies, Higgins's claims against Muro are governed by New York law. Since Higgins's FELA claim confers jurisdiction on this court and his state claims "derive from a common nucleus of operative fact" as the FELA claim, this court "has the constitutional power to hear the entire dispute based upon principles of pendant jurisdiction." Madarash v. Long Island Rail Road Co., 654 F. Supp. 51, 53 (E.D.N.Y. 1987).

To establish a prima facie case of negligence under New York law, a plaintiff must demonstrate, "(1) a duty owed by the defendant to the plaintiff, (2) a breach thereof, and (3) injury proximately resulting therefrom."[3] Solomon by Solomon v. City of New York, 489 N.E.2d 1294, 1294 (N.Y. 1985). Evidence establishing that a plaintiff entered an intersection after observing a green light makes out a prima facie case under New York law that the defendant

---

[3] In this case, none of the parties contest that there was a duty of care owed to Plaintiff, that this duty was breached in some fashion, and that injuries proximately resulted therefrom. The sole question on Muro's motion for summary judgment is whether the court can conclude as a matter of law that Muro is not liable for the breach that occurred.

was solely liable for the resulting accident. Hegy v. Collier, 262 A.D.2d 606, 606 (2d Dept. 1999). A defendant may then overcome the prima facie case by submitting admissible evidence raising a triable issue of material fact. Id. In addition, a driver in New York "has no duty to watch for and avoid a driver who might fail to stop . . . at a stop sign." Espinoza v. Loor, 299 A.D.2d 167, 168 (1st Dept. 2002).

Muro argues that LIRR is solely liable based on Borrero's undisputed failure to stop at a red light and for his failure "to see what he ought to have seen." (Muro's Memorandum of Law in Support of Motion for Summary Judgment ("Muro's Br.") at 4-7.) In response, LIRR contends that Borrero is not solely liable because Muro's own testimony establishes that "he was also negligent in failing to be observant as he operated his van, and failing to observe the LIRR vehicle until it was in the intersection, just prior to contact." (Defendant LIRR's Memorandum of Law in Opposition to Defendant Muro's Motion for Summary Judgment ("LIRR's Br.") at 3-5.) LIRR contends that, based on this testimony, "it is clear that [Muro] was not driving defensively and that his inattentiveness contributed to the happening of the accident." (Id. at 4.)

Under Hegy, Muro's undisputed testimony that he entered the intersection when the light was green establishes a prima facie case that he is not liable for the resulting accident. As LIRR rightly points out, however, entering an intersection on a green light does not foreclose the possibility of liability: "[E]ven where a vehicle enters an intersection with a green light, the driver may nevertheless be found negligent if he or she fails to use reasonable care when proceeding into the intersection . . . [a] driver cannot blindly and wantonly enter an intersection, but, rather, is bound to use such care to avoid [a] collision as an ordinarily prudent [motorist]

would have used under the circumstances."[4] Strasborg v. Campbell, 28 A.D.3d 1131, 1132 (4th Dept. 2006) (internal citations and quotation marks omitted). Neverthelesss, LIRR cannot overcome Muro's *prima facie* case that he is not liable because Muro's testimony does not create a triable issue of fact as to whether he used reasonable care when entering the intersection. In fact, New York courts have rejected the specific argument advanced here, namely that the failure to notice a vehicle entering an intersection in violation of traffic laws creates a triable issue of fact sufficient to defeat summary judgment.

In Jenkins v. R.C. Alexander, 9 A.D.3d 286 (1st Dept. 2004), the court reversed the lower court's denial of Plaintiff's summary judgment motion with respect to liability where the defendant had entered an intersection without stopping at a stop sign and Plaintiff had the right of way to proceed through the intersection. Id. at 287. The court rejected Defendant's argument that Plaintiff "should have seen [the car] approaching across three lanes . . . and taken steps to avoid the accident," noting that Plaintiff "did not see the . . . vehicle prior to impact, and thus had no time to take evasive action." Id. at 288. In addition, Plaintiff's failure to look to her left as she entered the intersection did "not raise any issue as to negligence on her part"; as the driver who had the right of way, Plaintiff was "entitled to anticipate that other vehicles will obey traffic laws that require them to yield." Id. Finally, the court noted that Defendant's attorney's affirmation offering only unsubstantiated assertions and speculation that Plaintiff may have breached a duty of care was also insufficient to create a triable issue of fact. Id.

---

[4] Conversely, Muro is incorrect that Borrero's entrance into the intersection with a green light, without more, establishes that LIRR's sole liability to the exclusion of comparative liability on Muro's part.

Similarly, in Espinoza, one co-defendant had entered an intersection without stopping at a stop sign while the other co-defendant had committed no such infraction. Espinoza, 299 A.D.2d at 168. The court rejected Plaintiff's assertion that Defendant's failure to look to his left as he entered the intersection created a triable issue of fact as to his negligence, since the driver had the right of way and thus no duty to watch for and avoid a driver who failed to stop at a stop sign. Id. Finally, the court rejected Plaintiff's claim that Defendant should have taken evasive action because the record established that Defendant first saw the other vehicle "a mere two seconds before the accident and, thus, that he did not have time to take evasive action." Id.

Here, LIRR offers only Muro's testimony that he did not see the LIRR vehicle until it was in the intersection "coming in front of me" in support of its contention that Muro shares liability. Under Espinoza and Jenkins, this evidence is insufficient to create a triable issue of fact as to Muro's negligence given that the LIRR vehicle entered the intersection against a red light.[5] As such, Muro did not have a duty to watch for or avoid the LIRR vehicle, nor did he have time to take evasive action as LIRR suggests. Moreover, LIRR's speculation that Muro was not driving defensively and was driving inattentively is not sufficient to create a triable issue of fact. In short, LIRR has not offered any evidence that Muro was negligent when he entered the intersection and collided with the LIRR vehicle.

Accordingly, Muro's motion for summary judgment is granted and LIRR's cross-claim against Muro is dismissed. As a result, Muro is dismissed as a defendant from this case.

---

[5] It is true that Borrero testified merely that he could not see what color the light was because of the glare of the sun and that there is no eyewitness testimony that the light was red. However, Muro's undisputed and unequivocal testimony that his light was a "standing green" establishes that Borrero entered the intersection against a red light.

B.     Plaintiff's cross-motion for summary judgment as to liability against LIRR

Plaintiff's cross-motion against LIRR is governed by FELA, which provides that any railroad engaging in interstate commerce "shall be liable in damages to any person suffering injury while he is employed by such carrier in such commerce . . . for such injury or death resulting in whole or in part from the negligence of any of the officers, agents, or employees of such carrier."  45 U.S.C. § 51; Hawaiian Airlines, Inc. v. Norris, 512 U.S. 246, 258 (1994) (FELA provides "a remedy for a railroad worker injured through an employer's or co-worker's negligence."); Waisonovitz v. Metro-North Commuter R.R., 462 F. Supp. 2d 292, 295 (D. Conn. 2006) ("a railroad is liable when injury to an employee results from the negligence of a fellow employee.").  In FELA actions, the plaintiff must prove the traditional common law elements of negligence: duty, breach, foreseeability, and causation [but] the plaintiff's burden in making a showing of causation and negligence is lighter under FELA than it would be at common law." Tufariello v. Long Island R.R. Co., 458 F.3d 80, 87 (2d Cir. 2006) (internal citations and quotation marks omitted); Marchica v. Long Island R.R. Co., 31 F.3d 1197, 1202 (2d Cir. 1994) ("In order to recover under FELA, a plaintiff must prove (1) he or she sustained an injury, (2) while employed by a carrier engaged in interstate commerce, (3) due to the carrier's negligence, and (4) that such negligence played a role in plaintiff's injury.").  In addition, "FELA admits of a broader recovery than may be obtained under common law negligence.  Because, as the Supreme Court instructs, FELA is remedial in nature, it has been liberally construed to effectuate Congress' objectives."  Marchica, 31 F.3d at 1197 (citing Atchison, Topeka and Santa Fe Ry. Co. v. Buell, 480 U.S. 557, 561 (1987)).

As discussed above, the undisputed evidence presented by both parties establishes LIRR's

sole liability for the accident as a matter of law. Indeed, in its brief in opposition to Plaintiff's cross-motion for summary judgment, LIRR argues only that a question of fact remains "concerning the respective liability of the drivers" and that Muro's deposition testimony establishes that he was "*also* negligent in failing to be observant as he operated his van" (emphasis added). (Defendant LIRR's Memorandum of Law in Opposition to Plaintiff's Cross-Motion for Summary Judgment Against LIRR (Docket Entry # 27) at 1-2.) In other words, LIRR does not dispute that the driver of the LIRR vehicle was negligent but rather that he was *solely* negligent.

As discussed above, Muro's testimony that he entered the intersection with a "standing green" light is uncontroverted, and, absent some evidence that the light was malfunctioning, the testimony establishes that the LIRR vehicle entered the intersection against a red light. Given this undisputed evidence, the court's conclusion that no admissible evidence establishes comparative liability on Muro's part, and the lack of evidence that Plaintiff Higgins contributed in any way to the accident, the court finds LIRR solely liable for the accident and Higgins's resulting injuries. In addition, there is no dispute that the additional elements of a FELA claim are satisfied here.

Accordingly, Plaintiff's cross-motion for summary judgment on liability as to LIRR is granted.

## IV. CONCLUSION

For the reasons stated above, Defendant Muro's motion for summary judgment is GRANTED, LIRR's cross-claim against Muro is DISMISSED, and Plaintiff's cross-motion for summary judgment as to LIRR's liability is GRANTED.

SO ORDERED.

Dated: April 30, 2008
       Brooklyn, N.Y.

s/ Nicholas G. Garaufis
NICHOLAS G. GARAUFIS
United States District Judge